■ ELIZABETH J. KLEIN, an Infant, by JACK H. KLEIN, Her Guardian ad Litem, et al., Respondents, v. ANNA F. HOFFMAN, Doing Business as HOFFMAN SCHOOL, Appellant.—

The infant plaintiff, five years and four months old, was injured July 9, 1956 while attending defendant's Summer day camp. There was no proof on the trial of the event which caused the infant plaintiff's injury. No one seems to have seen it. Nor was there any direct proof on the trial by any witness who saw the contemporaneous events which directly preceded and succeeded the injury. These contemporaneous events were proved by a statement of the defendant who was not herself present, based on a report by a counsellor; and testimony of defendant called as a plaintiff's witness, of what the counsellor had told her. Defendant testified: "She told me that the child had been resting herself on the back of the swing * * * going back and forth in slow lazy movement." The counsellor's attention was taken, for what apparently was a short time, by other children; and she next saw the child on the ground in a sitting position with her right leg under her. Photographs of the swings in evidence and other proof show they are of standard size and design for use by young children. They have low wooden backs. Plaintiff's proof is "They are built for young children. The back protects them, and they are low to the ground." The height above the ground is "A foot and a half." The counsellor in charge of infant plaintiff was well qualified to be in control of young children. Even if the factual deficiencies in the record as to how the injury was incurred be bridged by assuming that plaintiff fell while pushing the swing back and forth, negligence is not established. Some danger reasonably to be apprehended must exist; or some peril which ought to have been recognized by a competent counsellor and prevented or stopped. It is not demonstrated that a child slowly pushing a child's swing back and forth while she rests herself on the back of the swing is in normal peril of being hurt. This is not a case of a child "struck by a swing" as *Lopez* v. *City of New York* (4 A D 2d 48, affd. 4 N Y 2d 738). Even a school for young children does not undertake to see there shall not be falls and injuries; it undertakes to guard against the occurrence of those that are reasonably to be expected in the case of young children. In any event we would be required to reverse and order a new trial because of the reception of hearsay evidence. Settle order on notice. Concur — Botein, P. J., Rabin, McNally, Stevens and Bergan, JJ.